CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Robert Elguezabal**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| **John Karagias; Sam D. Karatzias; Ioannis D. Karatzias;** and Does 1-10, | |
| Defendants. | |

Plaintiff Robert Elguezabal complains of Defendants John Karagias; Sam D. Karatzias; Ioannis D. Karatzias; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who uses a wheelchair for mobility.

2. In May 2015, John Karagias was the owner of the property located at or about 765 E. Foothill Blvd., Rialto, California.

Complaint

3.   John Karagias is the owner of the property located at or about 765 E. Foothill Blvd., Rialto, California, currently.

4.   In May 2015, Sam D. Karatzias and Ioannis D. Karatzias owned Chris's Burgers ("Restaurant") located at or about 765 E. Foothill Blvd., Rialto, California.

5.   Sam D. Karatzias and Ioannis D. Karatzias own Chris's Burgers ("Restaurant") located at or about 765 E. Foothill Blvd., Rialto, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

11. Restrooms are one of the facilities, privileges and advantages offered by Defendant to patrons of the Restaurant.

12. Unfortunately, the men's restroom serving the Restaurant is not accessible to persons with disabilities.

13. The restroom doorway clear passage width was about 28 inches and inaccessible to wheelchair users in May 2015.

14. The restroom doorway clear passage width is about 28 inches and inaccessible to wheelchair users currently.

15. In May 2015, the restroom provided a toilet. However, instead of providing two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, there were no grab bars.

16. The restroom provides a toilet. However, instead of providing two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, there are no grab bars currently.

17. Plaintiff personally encountered these violations and they denied him full and equal access.

18. Plaintiff visited the Restaurant in May 2015 to eat.

19. Plaintiff lives about six miles from the Restaurant.

20. Because of the location of the Restaurant, plaintiff would like to return.

21. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

22. Plaintiff would like to return and patronize the Restaurant but will be deterred from visiting until the defendants cure the violations.

23. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

24. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

25. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

26. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

27. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

1    with disabilities. 42 U.S.C. § 12183(a)(2).

2    28. All doors to restrooms must have a minimum clear opening of 32 inches

3    with the door open 90 degrees, measured between the face of the door and the

4    opposite stop. 1991 Standards § 4.22.2; 4.13.5; 2010 Standards § 404.2.3.

5    29. Here, the failure to provide the 32 inch wide restroom doorway opening

6    is a violation of the ADA.

7    30. For a toilet to be considered accessible under the ADA, there must be

8    two grab bars on walls adjacent to the toilet to assist persons with disabilities

9    to transfer to the toilet. 1991 Standards § 4.16.4; 2010 Standards § 604.5.

10   31. Here, the failure to provide compliant grab bars is a violation.

11   32. A public accommodation must maintain in operable working condition

12   those features of its facilities and equipment that are required to be readily

13   accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

14   33. Here, the failure to ensure that the accessible facilities were available

15   and ready to be used by the plaintiff is a violation of the law.

16

17   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

18   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

19   Code § 51-53.)

20   34. Plaintiff re-pleads and incorporates by reference, as if fully set forth

21   again herein, the allegations contained in all prior paragraphs of this

22   complaint.

23   35. Because the defendants violated the plaintiff's rights under the ADA,

24   they also violated the Unruh Civil Rights Act and are liable for damages. (Cal.

25   Civ. Code § 51(f), 52(a).)

26   36. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

27   discomfort or embarrassment for the plaintiff, the defendants are also each

28   responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code §

Complaint

1    55.56(a)-(c).)

2

3    **PRAYER**:

4    Wherefore, Plaintiff prays that this Court award damages and provide

5    relief as follows:

6    1. For injunctive relief, compelling Defendants to comply with the

7    Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

8    plaintiff is not invoking section 55 of the California Civil Code and is not

9    seeking injunctive relief under the Disabled Persons Act at all.

10    2. Damages under the Unruh Civil Rights Act which provides for actual

11    damages and a statutory minimum of $4,000.

12    3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

13    to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

14

15    Dated: January 18, 2016                    CENTER FOR DISABILITY ACCESS

16

17    By:_____
      Mark Potter, Esq.

18    Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

Complaint